IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Joseph D. Dantzler, Jr., | ) | C/A No. 3:15-5100-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Time Warner Cable; Sedgwick Claims | ) | |
| Management Services, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The defendants removed this civil action, which was originally filed in the Lexington County Court of Common Pleas by Joseph D. Dantzler, Jr., a self-represented plaintiff. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) on Dantzler's motion to amend the Amended Complaint. (ECF No. 52.) The defendants filed a response in opposition to Dantzler's motion. (ECF No. 55.) Dantzler's Amended Complaint was originally recommended for dismissal by this court because the claims contained therein are preempted by ERISA,[1] but the Report and Recommendation allowed Dantzler twenty-one days to file a motion to amend the Amended Complaint to assert a claim pursuant to ERISA. (ECF No. 46.) By order dated August 9, 2016, the Honorable J. Michelle Childs, United States District Judge, remanded this case to the assigned magistrate judge for reconsideration of the defendants' motion to dismiss the Amended Complaint, (ECF No. 37), in light of Dantzler's motion to amend the Amended Complaint. (ECF No. 59.)

---

[1] Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").

Page 1 of 7



Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course. Thereafter, the party may only amend with the opposing party's written consent or the court's leave, which should be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court discussed how courts should apply this standard in Foman v. Davis, stating

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962). For the reasons discussed below, the court denies Dantzler's motion to amend as futile because his proposed second amended complaint is insufficient to state a plausible ERISA claim against the defendants.

Dantzler seeks leave to amend the Amended Complaint in this action to bring an ERISA claim against the defendants. However, in the proposed second amended complaint, (ECF No. 52-1), Dantzler does not clearly state a cause of action under ERISA. Under a heading titled "Jurisdiction and Venue," Dantzler repeats the allegations from his Amended Complaint that the defendants' handling of his claim for disability benefits caused him mental and emotional injuries (Id. at 1-4.) In the only other section of the proposed second amended complaint entitled "Prayer for Relief," Dantzler asks the court to award a "surcharge" against the defendants for a breach of fiduciary duty. (Id.) Accordingly, it is not clear under what section of ERISA's civil enforcement provisions Dantzler seeks to state a cause of action against the defendants. Liberally construing Dantzler's proposed Second Amended Complaint, the court addresses the possible claims below.



A surcharge is an available remedy under ERISA's equitable relief provision, 29 U.S.C. § 1132(a)(3). See CIGNA Corp. v. Amara, 563 U.S. 421, 442 (2011); McCravy v. Metro. Life Ins. Co., 690 F.3d 176, 180 (4th Cir. 2012). Section 1132(a)(3) allows an ERISA plan participant to bring a civil action "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this subchapter or the terms of the plan."  This section only authorizes appropriate equitable relief as will enforce the terms of the ERISA plan at issue or ERISA itself. Mertens v. Hewitt Assocs., 508 U.S. 248, 253 (1993); Moon v. BWX Tech., Inc., 577 F. App'x 224, 228 (4th Cir. 2014). Specifically, this remedy authorizes some individual participants to bring a claim for breach of fiduciary duty under limited circumstances. See Korotynska v. Metro. Life Ins. Co., 474 F.3d 101, 104-05 (4th Cir. 2006) (citing Varity Corp v. Howe, 516 U.S. 489, 512 & 515 (1996)). As a recognized form of equitable relief under this section, a "surcharge" is a form of monetary compensation for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment. Amara, 536 U.S. at 441-42.

Dantzler's proposed second amended complaint fails to state a plausible claim under § 1132(a)(3). Equitable remedies such as surcharges cannot provide relief for the injuries he alleges the defendants caused. Dantzler seeks extracontractual damages for mental and emotional injuries from the defendants' handling of his disability claim, which was ultimately granted by Defendant Sedgwick Claims Management Services. (ECF No. 33 at 3.)  However, only equitable relief is available under § 1132(a)(3) to enforce the terms of the policy or ERISA's provisions, and extracontractual relief is not cognizable in such actions. See Mertens, 508 U.S. at 253; see also Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985) (finding that ERISA civil enforcement



provision under § 1132(a)(2), which establishes liability for breach of fiduciary duty, does not entitle beneficiaries to recover extracontractual damages (compensatory or punitive)); U.S. Steel Mining. Co., Inc. v. Dist. 17, United Mine Workers of Am., 897 F.2d 149, 153 (4th Cir. 1990) (applying the Russell Court's finding that ERISA did not allow for extracontractual damages under § 1132(a)(2) to § 1132(a)(3)). Dantzler fails to allege facts indicating he is entitled to any damages or relief under the policy or ERISA. Therefore, because Dantzler seeks compensation for alleged injuries that fall outside of his policy or ERISA, the proposed second amended complaint fails to assert an ERISA claim pursuant to § 1132(a)(3).[2]

Moreover, the court finds that Dantzler's bare allegation of a breach of fiduciary duty, without more, would be insufficient to meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. See generally Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). It appears that Dantzler is attempting to state a claim under ERISA by merely replacing the names of the causes of actions in his original pleadings with a claim for breach of fiduciary duty under ERISA, while retaining the original factual allegations. But, as discussed above, Dantzler's allegations that he suffered mental and emotional injuries from the defendant's conduct does not support a breach of fiduciary duty claim under § 1132(a)(3).

---

[2] Also, the proposed Second Amended Complaint does not refer to any of the other civil enforcement provisions of ERISA, and the facts alleged implicate none.



Consequently, the court finds Dantzler's motion to amend must be denied because his proposed second amended complaint fails to state a plausible claim under ERISA. See Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."); Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 695 (8th Cir. 1981) (providing that a district court should only deny a plaintiff's motion to amend based on the likelihood of success of the merits of his claim if the claim is clearly frivolous). Also, the court finds that Dantzler's failure to comply with the federal pleading requirements shows that his motion to amend is futile. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) ("[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.") (internal quotation omitted). Because the sole purpose of providing Dantzler with the opportunity to amend his Amended Complaint was to allow him to raise a claim against the defendants pursuant to ERISA, the court finds that Dantzler's failure to allege facts stating a plausible ERISA claim in his proposed second amended complaint renders his motion to amend futile.

### ORDER

Accordingly, it is hereby

**ORDERED** that Dantzler's motion to amend the Amended Complaint is denied. (ECF No. 52.)

**IT IS SO ORDERED.**



## RECOMMENDATION

In light of the court's ruling on Dantzler's motion to amend, for the reasons stated in the court's previous Report and Recommendation (ECF No. 46), the court recommends that the defendants' motion to dismiss the Amended Complaint be granted. (ECF No. 37.)

                                                  *Paige J. Gossett*

August 12, 2016                                     Paige J. Gossett  
Columbia, South Carolina                     UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).